IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ARTHUR ARNOLD, Special
Administrator of the Estate of
DANIEL ARNOLD, deceased,**

**Plaintiff,**

**v.**

**MILLER, d/b/a MILLER SAFETY &
FIRST AID PRODUCTS, et al.,**

**Defendants.**                                    No. 08-CV-00234-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

On July 31, 2007, plaintiff Arthur Arnold, Special Administrator of the Estate of Daniel Arnold, deceased, filed a Complaint in the Circuit Court of Madison County, Illinois against Miller, d/b/a Miller Safety & First Aid Products ("Miller"); Haun Drop Forge Co., Ltd.; Pensafe, Inc.; Elk River, Klein Tools, Inc.; and Marcal Rope & Rigging, Inc. Plaintiff voluntarily dismissed Defendants Marcal Rope & Rigging, Inc. and Klein Tools, Inc. on February 5 and February 29, 2008, respectively. On February 19, 2008, the Circuit Court of Madison County entered an order of default judgment against Defendant Miller. On March 28, 2008, Defendant Elk River, Inc. filed a timely Notice of Removal. (Doc. 3.) In its Notice of Removal, Defendant Elk River, Inc. asserted that based on these dismissals, complete diversity

now exists and that Defendant Miller need not consent to removal because it is nothing more than a nominal defendant. Therefore, Defendant Elk River argued, the Court has subject matter jurisdiction over this matter pursuant to **28 U.S.C. § 1332**. Now before the Court is Plaintiff's motion to remand, which argues that Miller is not merely a nominal defendant and, therefore, its consent is required. (Doc. 13.) For the following reasons, the Court denies Plaintiff's motion to remand. (Doc. 13.)

## II. <u>ANALYSIS</u>

### A. Removal Standard

A defendant may remove a case only if a federal district court would have original jurisdiction over the action. ***See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)**.[1] Statutes providing for removal are construed narrowly, and doubts about removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. The burden of establishing jurisdiction in the federal courts falls on the party seeking removal. ***Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**.

In removing an action a defendant must also comply with the procedures

---

[1] In pertinent part, **28 U.S.C. § 1441** states:

    (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

2

outlined in **28 U.S.C. § 1446**.[2]  In addition, removal is generally considered defective, unless all defendants consent to removal, or the petition explains why the other defendants have not consented.  *See Shaw v. Dow Brands, Inc.,* **994 F.2d 364, 368 (7th Cir. 1993)**.  Within the time period set forth in **28 U.S.C. § 1446**, Elk River filed a Notice of Removal following Plaintiff's voluntary dismissal of Klein Tools, Inc., the only remaining non-diverse party.  Each of the other Defendants consented to removal of the case, except for Defendant Miller whom a default judgment had been entered against.  Plaintiff argues in his motion to remand that a defendant against whom a default judgment has been entered cannot be defined as a nominal defendant and therefore, without Miller's consent, the removal petition is defective. (Doc. 13.)  Each of the Defendants maintains that Defendant Miller is nothing more than a nominal defendant and, therefore, its consent is not required.  The Court turns its attention to whether Miller is, in fact, a nominal defendant.

**B. Nominal Defendant**

    **1.  Legal Standard**

        "[O]nly indispensable defendants are required to join in the petition for

---

[2] Specific to diversity actions, **28 U.S.C. § 1446(b)** provides:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

removal; the consent of nominal or formal parties is not necessary." ***Ryan v. State Bd. of Elections of State of Ill.*, 661 F.2d 1130, 1134 (7th Cir. 1981) quoting *First National Bank of Chicago v. Mottola*, 302 F.Supp. 785, 790-91 (N.D.Ill.1969).** "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." ***Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993)**.

    **2.    Discussion**

In the present case, a default judgment was entered against Defendant Miller on February 19, 2008. On March 17, 2008, Defendant Miller filed a motion to vacate the default judgment. Miller's motion to vacate the default judgment was supported by an affidavit provided by Miller's president, John Matarazzo. In the affidavit, Matarazzo explained that when Miller was initially served that he believed that Miller had been erroneously named as a defendant in this lawsuit. Matarazzo maintains that he believed that Miller Fall Protection should have been named, rather than his company, Miller Safety & First Aid Products, because this the two entities are confused frequently and although Miller Safety & First Aid Products sells the product in question in this lawsuit, he was "unable to find any sales of products by [Miller] to any company mentioned in the complaint...." and "unable to find any records of sales of products by Miller Safety & First Aid Products to Renaissance Communication, Inc., a company that allegedly was the first purchaser of the lanyard involved in this matter." (Doc. 40, Ex. A, ¶ 6.) In addition, the motion to vacate the default judgment maintains that Miller had "no involvement with any issue or occurrence in this matter." (*Id*. at ¶ 9.) Plaintiff has offered no evidence to counter

Miller's assertion that it was wrongly named.

Based on the foregoing, the Court finds no reasonable basis to believe that Defendant Miller might be found liable in this matter. As such, Defendant Miller is merely a nominal defendant whose consent was not required to remove this case to federal court. Accordingly, Plaintiff's motion to remand is **DENIED**. (Doc. 13.)

**B. Jurisdictional Brief**

While the Court finds that Defendant Miller is a only a nominal defendant, Defendants must clear one additional hurdle to escape remand. The Court notes that Defendant Elk River's notice of removal properly pleads the citizenship of each of the parties except for Plaintiff. Defendant Elk River simply states that Plaintiff is a resident of the State of Illinois. However, residency is not the same, under the law, as citizenship. ***See Simon v. Allstate Employee Group Medical Plan*, 263 F.3d 656, 658 n.1 (7th Cir. 2001)(citations omitted)("An allegation of residency, however, is insufficient to establish diversity jurisdiction.")**. While the Court does not affirmatively find that diversity jurisdiction between the parties does *not* exist, because it remains uncertain, it is therefore not properly established. The party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).** As a result, the party asserting diversity jurisdiction, Defendant Elk River, is hereby **ORDERED** to submit a **JURISDICTIONAL BRIEF** addressing the *citizenship* of Plaintiff. This brief shall be filed by **June 17, 2008**. Further, should Defendant Elk River fail to timely file said Jurisdictional Brief or fail to seek an extension of time, the Court will

then instruct the Clerk to remand the case for lack of subject matter jurisdiction.

### III. <u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** Plaintiff's motion to remand. (Doc, 13.) However, Defendant Elk River is directed to file a jurisdictional brief no later than June 17, 2008 clarifying Plaintiff's citizenship. In addition, the Court **LIFTS THE STAY** and **ORDERS** all parties who wish to file a response to Defendant Elk River's motion for leave to conduct expedited discovery and to stay ruling on Plaintiff's motion to dismiss for lack of personal jurisdiction (Doc. 41) to do so no later than **June 17, 2008**. Defendant Elk River shall have 10 days following to file a reply. After ruling upon that motion, the Court will reset the deadlines for responding to Plaintiff's motion to dismiss. (Doc. 26.)

**IT IS SO ORDERED.**

Signed this 3rd day of June, 2008.

/s/       *DavidRHerndon*

**Chief Judge**
**United States District Court**