## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARTHUR ARNOLD, Special
Administrator of the Estate of
DANIEL ARNOLD, deceased,

**Plaintiff,**

v.

MILLER, d/b/a MILLER SAFETY &
FIRST AID PRODUCTS, et al.,

**Defendants.**                                          No. 08-CV-00234-DRH

### ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court on Applicant's Motion to Intervene. (Doc. 54). On its face, the instant matter seems appropriate for intervention pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)**, which grants intervention as of right when the Applicant "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Applicant is Tower Maintenance & Erection Corporation ("Tower Maintenance"). Decedent, Daniel Arnold, was employed as a tower erector at Tower Maintenance. Tower Maintenance claims that it has a worker's compensation subrogation interest in this matter. Under Illinois law, **820 Ill. Comp. Stat. 305/5**

grants Tower Maintenance an interest related to the outcome of this action. Furthermore, as of this date, the only party that has responded to Tower Maintenance's motion to intervene is Defendant Elk River, who filed a response in support of the motion. No other party has responded; in addition, the time to respond has expired. Pursuant to **LOCAL RULE 7.1(g)**, the Court considers this failure an admission of the merits of the motion.[1] Accordingly, the Court **GRANTS** Applicant's Motion to Intervene (Doc. 54). Applicant will now be referred to as "Plaintiff-Intervenor." Parties are directed to provide Tower Maintenance notice of any and all proceedings in this case. Now that the motion to intervene has been granted, Tower Maintenance's Intervenor Complaint (Doc. 55) is deemed **FILED INSTANTER**.

    **IT IS SO ORDERED.**

    Signed this 21st day of July, 2008.

/s/       David R Herndon
**Chief Judge**
**United States District Court**

---

[1] "A party opposing such a motion shall have **ten (10) days** after service of the motion to file a written response. Failure to file a timely response to a motion may, in the court's discretion, be considered an admission of the merits of the motion." **LOCAL RULE 7.1(g)**.