IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ARTHUR ARNOLD**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **08-234-DRH** |
| | ) | |
| **MILLER, et al.**, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

**PROUD, Magistrate Judge:**

At this juncture, the Court has authorized limited discovery relevant to the pending motion to dismiss for lack of personal jurisdiction filed by defendants PenSafe, Inc., and Haun Drop Forge Company, now known as PenSafe (the PenSafe defendants) **(Doc. 53).** The PenSafe defendants are now before the Court seeking to quash deposition subpoenas propounded by defendant Elk River upon: (1) The "Corporate Designee(s) of PenSafe, Inc."(2) "John Leavitt, President of PenSafe," and (3) "Alex Gray," who is acknowledged to be a principal in Gray Hand Tools, which is not a named defendant but which owns 80% of PenSafe. **(Doc. 65;** *see also* **Doc. 65-2, pp. 8-23).**

The PenSafe defendants object that the corporate deposition of PenSafe, Inc., has already been taken in connection with the pending jurisdictional question, and that permission has not been sought and granted to take a second deposition, and a second deposition would be duplicative. They further object that Messrs. Leavitt and Gray have not been identified by PenSafe as having knowledge relevant to the jurisdiction question, and taking their depositions is nothing more than a "fishing expedition," duplicative of the prior deposition testimony of Keith

1

Smith, the PenSafe corporate designee, and duplicative of information already conveyed.

In response, Elk River argues that the corporate deposition of PenSafe has not been taken, and that information produced to date contradicts PenSafe's assertion that Alex Gray and John Leavitt do not have any relevant knowledge regarding jurisdictional matters. **(Doc. 67).**

With respect to the corporate deposition of PenSafe, Elk River acknowledges that Keith Smith owns 20% of PenSafe, has held various positions, including CEO and general manager, and has been designated by PenSafe as the person who is most knowledgeable of matters relevant to the jurisdictional issue, e.g., customers in Illinois, customer visits, developing markets and off-site visits. Elk River previously deposed Keith Smith in March 2008, in accordance with an order issued during proceedings in state court, but Elk River asserts that that deposition was not a corporate deposition for purposes of Federal Rule fo Civil Procedure 30(b)(6).

Relative to Messrs. Leavitt and Gray, Elk River desires to explore the relationship between PenSafe and Gray Hand Tools, which purportedly has extensive business connections to Illinois, and which appears as the named insured on an insurance policy covering PenSafe.. Elk River also notes that Mr. Leavitt designed a snap hook (not necessarily the snap hook at issue in this case).

In reply, the PenSafe defendants highlight the subpoena previously utilized to depose Keith Smith **(Doc. 65-2, pp. 2-5)**, which specifically names Keith Smith as the deponent, but which notices the deposition in accordance with Illinois Supreme Court Rule 206(a)(1), which is analogous to Federal Rule of Civil procedure 30(b)(6). **(Doc. 68).** PenSafe also clarifies that Gray Tool Company of Canada, Ltd., not Gray Tools, is the named insured on its insurance

policy. PenSafe otherwise reiterates that there is no evidence that Messrs. Gray and Leavitt possess knowledge relevant to jurisdiction.

During the earlier proceedings in state court, Circuit Judge David Hylla ordered on March 20, 2008, that Keith Smith present for deposition, "limited to jurisdictional issues including (1) specifics of this snap and gatekeeper item and its journey through the stream of commerce and (2) issues of general jurisdiction." **(Doc. 67-3, p. 1).** Judge Hylla's order does not indicate whether Smith was to be deposed in his individual or corporate capacity, but the subpoena subsequently issued specifically to "Keith Smith" does specify that the subpoena was issued pursuant to Illinois Supreme Court Rule 206(a)(1) which, like Federal Rule of Civil Procedure 30(b)(6), is specific to corporate designees. Therefore, Smith's deposition was the deposition of PenSafe., by and through its corporate designee on the jurisdictional issues that are still pending.

Federal Rule of Civil Procedure 30(a)(2)(B) requires leave of Court if the person to be examined has already been deposed. Elk River has never sought leave of Court to depose PenSafe again; therefore, the motion to quash is well taken insofar as it is aimed at the "Corporate Designee(s) of PenSafe, Inc."

Federal Rule of Civil Procedure 30(b)(6) states: "This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules." The Advisory Committee Notes relative to the 1970 Amendments to Rule 30(b)(6) explains:

> This procedure supplements the existing practice whereby the examining party designates the corporate official to be deposed. Thus, if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them. On the other hand, a court's decision whether to issue a protective order may take account of the availability and use made of the procedures provided in this subdivision.

3

**Fed.R.Civ.P. 30(b)(6), Advisory Committee Notes, 1970 Amendments, Subdivision (b)(6).**

Thus, Elk River is well within its right to depose "John Leavitt, President of PenSafe," regardless of the fact Elk River has already deposed PenSafe's corporate designee, Keith Smith. The Court does not perceive any reason not to permit Leavitt's deposition. The fact that PenSafe has not disclosed Leavitt as "a person likely to have discoverable knowledge" for purposes of the required disclosures under Federal Rule of Civil Procedure 26(a)(1)(A), is immaterial; to conclude otherwise would permit discovery fraud to go unchecked. Although the Court is in no way implying that PenSafe is suspected of discovery fraud, Elk River is surely entitled to cross-check Smith's deposition testimony and PenSafe's other discovery responses by taking Leavitt's deposition. The extent of Leavitt's knowledge, as compared to Smith's, remains to be seen, but as president of PenSafe, he is a reasonable target of discovery. Of course, Leavitt's deposition must be limited to matters that bear on the jurisdictional issue before the Court. Therefore, the subpoena directed to John Leavitt will not be quashed.

Alex Gray, a principal in Gray Hand Tools, which is not a named defendant but which owns 80% of PenSafe, is also a proper subject for deposition. Gray Hand Tools owns 80% of PenSafe; therefore, like John Leavitt, he is a reasonable target of discovery, if only to permit Elk River to exhaust the notion that there is a clear corporate delination between PenSafe and Gray Hand Tools. Perhaps Gray can even shed light on the distinction between Gray Hand Tools and "Gray Tool Company of Canada, Ltd." Therefore, the subpoena directed to Alex Gray will not be quashed.

**IT IS THEREFORE ORDERED** that defendants PenSafe, Inc., and Haun Drop Forge Company's motion to quash **(Doc. 65)** is **GRANTED IN PART AND DENIED IN PART**.

More specifically:

1. The deposition subpoena propounded by defendant Elk River upon the "Corporate Designee(s) of PenSafe, Inc." is hereby **QUASHED**;

2. The deposition subpoenas propounded by defendant Elk River upon "John Leavitt, President of PenSafe," and "Alex Gray" shall be honored and he depositions shall proceed as scheduled.

**IT IS SO ORDERED.**

**DATED: August 22, 2008**

        **s/ Clifford J. Proud**
        **CLIFFORD J. PROUD**
        **U. S. MAGISTRATE JUDGE**