IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ARTHUR ARNOLD**, | ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | Civil No. **08-234-DRH** |
| **MILLER, et al.**, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendant Elk River's motion to compel co-defendant PenSafe to fully respond to written discovery requests. **(Doc. 73).** Although PenSafe did respond to Elk River's July 9, 2008, discovery requests, Elk River takes issue with PenSafe's specific objections, and Elk River further contends it has found omissions and inconsistencies in PenSafe's responses. In response, PenSafe generally defends its objections and notes that additional responsive information has been turned over to Elk River. **(Doc. 75).** In reply, Elk River essentially argues that discovery should be permitted so that the Court can determine whether the cumulative evidence establishes jurisdiction. **(Doc. 76).**

As a preliminary matter, the Court must agree that it appears that PenSafe does not appreciate the scope of discovery. Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to

1

other matter that could bear on, any issue that is or may be in the case. ***Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).** Although at this juncture discovery is limited to that which relates to personal jurisdiction, the same broad reach applies. Chief Judge David R. Herndon will be deciding the jurisdictional issue, therefore this Court is loathe to analyze whether any particular item of evidence is insufficient to establish jurisdiction. This Court is guided by the aforementioned broad interpretation of discovery.

For inexplicable reasons Elk River has elected to make arguments without clear reference to the numerical designation assigned to its discovery requests. Elk River has made it difficult to discern which specific discovery requests are at issue. Because time is of the essence, the Court will not strike Elk River's motion; rather, the Court will review what appear to be the outstanding objections[1]. For ease of reference, the numbering scheme utilized by the Court mirrors the designation in the original discovery requests.

### **Requests for Production**

1. The request for production of materials used to advertise Huan Drop Forge Company, Peninsula Safety Components and/or PenSafe's manufacturing, sales and distribution of snap hook model number 5394 and/or model number 6650 for the period between January 1, 2000, and December 31, 2005, is appropriate. Provision of a product catalogue is a sufficient response.

3. The request for production of a list of all products manufactured by Huan Drop Forge Company, Peninsula Safety Components and/or PenSafe during the period between January 1, 2000, and December 31, 2005, *and* a list of the names and addresses to whom those products were distributed is appropriate. Therefore, merely providing a product catalogue is not wholly responsive, and a supplemental response must be submitted.

---

[1]PenSafe often noted an objection, but went on to provide responsive materials. As appropriate, the Court will address any instances where PenSafe's initial objection is rejected, so that PenSafe can supplement its responses.

4. The request for a list of all products into which the snap hooks at issue were incorporated and the names and addresses of those who manufactured and/or assembled those products is appropriate. The response is also adequate, in that it indicates the snap hooks may have been incorporated into harnesses, but the identities of those who manufactured or assembled those items is unknown. Of course, if additional information comes to light, the response must be supplemented.

Requests 5, 7, 9 and 11 are all beyond the scope of limited discovery. The objections are sustained.

12. The response to this request regarding the number of products sold in Illinois is adequate; it succinctly indicates that zero products were sold in Illinois, and it further references Keith Smith's deposition answer. A motion to compel is not the proper means of challenging the truthfulness of this response– that will be for Chief Judge Herndon to decide.[2]

13. The objection to Requests 13 is sustained for the same reasons stated relative to the Request No. 12.

Requests 15, 17, 18 and 19 are all beyond the scope of limited discovery. The objections are sustained.

21. The objection to producing all documentation memorializing calls between Huan Drop Forge Company, Peninsula Safety Components and/or PenSafe, and any individual or entity in Illinois is overruled. However, insofar as the response also indicates there is no such documentation, the response is adequate.

22. The objection to producing all correspondence (written or electronic) involving Huan Drop Forge Company, Peninsula Safety Components and/or PenSafe at any ANSI Z359 meeting in Illinois is overruled. However, insofar as the response also indicates there is no such documentation, the response is adequate.

23. The objection to producing documentation identifying any agent, employee or representative of Huan Drop Forge Company, Peninsula Safety Components and/or PenSafe at any ANSI Z359 meeting in Illinois is sustained. The request is beyond the limited scope of discovery at this juncture.

---

[2]Similarly, Elk River's other general challenges to the completeness and truthfulness of other responses do not warrant discussion. (*See* **Doc. 73-3**). Suffice it to say that this Court finds nothing to suggest any impropriety in the responses.

24. The objection to producing copies of all lawsuits against Huan Drop Forge Company, Peninsula Safety Components and/or PenSafe is Illinois is overruled. However, the response indicating that this is the only action in Illinois is adequate.

## Interrogatories

1. Citing references in Keith Smith's deposition testimony, Elk River seeks a listing of all marketing, sales, prospective sales and "leads" and visits by Smith or employees of Huan Drop Forge Company, Peninsula Safety Components and/or PenSafe to Illinois, and corresponding names and addresses and other information. The objection to the relevance of this information is overruled. However, the response appears generally sufficient, except that the purpose of the visits to Klein Tools omits the purpose of the visit. A supplemental response must be filed remedying this error.

2. Although the interrogatory regarding National Safety Council meetings stretches the bounds of relevance, the objection will be overruled, in that the response provided appears adequate. No supplemental response is required.

3. This interrogatory regarding whether any sales were negotiated over the telephone with individuals or entities in Illinois is not vague or overly broad, so the objection is overruled. With that said, the response– "No."– is adequate.

5. This interrogatory regarding attendance at any ANSI Z359 meetings in Illinois is relevant; therefore the objection is overruled. However, the response is otherwise adequate.

6. This interrogatory mirrors Interrogatory No. 5, except that it pertains to National Safety Council meetings in Illinois. The objection is overruled, but the response is otherwise adequate.

7. This interrogatory mirrors Interrogatory No. 5, except that it pertains to American Society of Engineers meetings in Illinois. The objection is overruled, but the response is otherwise adequate.

8. This interrogatory pertains to lawsuits in Illinois. The request is within the scope of relevance; therefore, the objection is overruled, but he response is otherwise adequate.

9. This interrogatory regarding national sales volume and total amount of sales is beyond the scope of discovery; therefore the objection is sustained.

10. This interrogatory regarding sales volume and total amount of sales in Illinois is

relevant; therefore the objection is overruled. Elk River does not take issue with the responses reference to documentation already provided, so the Court finds the response adequate. Of course, any additional information withheld on the basis of the rejected objection must now be conveyed to Elk River.

11. The objection to the relevance of listing customers in Illinois, their address information and identification of what they purchased is overruled. Elk River does not take issue with the responses reference to documentation already provided, so the Court finds the response adequate. Of course, any additional information withheld on the basis of the rejected objection must now be conveyed to Elk River.

12. This interrogatory seeks the names and addresses of all individuals and entities in Illinois with whom Huan Drop Forge Company, Peninsula Safety Components and/or PenSafe "communicated." The objection to the relevance of this interrogatory is overruled, but the objection that the question is overly broad as drafted is sustained. The response must be supplemented accordingly.

14. This interrogatory is aimed at identifying the names and addresses of the manufactures of products that Huan Drop Forge Company, Peninsula Safety Components and/or PenSafe served as wholesaler, distributor or subsidiary, and the names and addresses of all individuals and entities located in Illinois to whom such products were sold, and identification of the products. The objection to the relevance of the interrogatory is overruled. The interrogatory is not well drafted, but upon close reading it is sufficiently clear and not vague or overly broad. Furthermore, it clearly and properly includes actions taken as a subsidiary. Chief Judge Herndon will have to decide whether the activities of subsidiaries are sufficient to establish jurisdiction. Although all objections are overruled, the stated response– "None."– is adequate.

15. The objection to listing the names and addresses of all customers who purchased the relevant snap hooks is overruled; the request seeks relevant information. The response should be reviewed in light of this ruling and supplemented as necessary.

**IT IS THEREFORE ORDERED** that defendant Elk River's motion to compel **(Doc. 73)** is **GRANTED IN PART AND DENIED IN PART**, as detailed in this order. On or before **October 14, 2008**, defendants Huan Drop Forge Company, Peninsula Safety Components and/or PenSafe shall submit any responses, or supplemental responses necessitated by the rulings in this order.

Elk River's response to the motion to dismiss is due October 15, 2008. The Court does not perceive that the additional information that will be required to be submitted to Elk River will materially alter Elk River's position vis-a-vis the motion to dismiss. In the event information supplied by defendants Huan Drop Forge Company, Peninsula Safety Components and/or PenSafe materially alters Elk River's response to the motion to dismiss (which is due October 15, 2008), Elk River should immediately seek leave from Chief Judge Herndon to supplement the response.

**IT IS SO ORDERED.**

**DATED: October 10, 2008**

                                            **s/ Clifford J. Proud**
                                            **CLIFFORD J. PROUD**
                                            **U. S. MAGISTRATE JUDGE**