IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARTHUR ARNOLD, Special Administrator
of the Estate of Daniel Arnold, Deceased,

Plaintiff,

v.

MILLER, d/b/a MILLER SAFETY & FIRST
AID PRODUCTS, HAUN DROP
FORGE Co., LTD., PENSAFE, INC., and
ELK RIVER, INC.,

Defendant.                                               No. 08-234-DRH

**ORDER**

**HERNDON, Chief Judge:**

### I. Introduction

On July 31, 2007, Plaintiff Arthur Arnold, as Special Administrator of the Estate of Daniel Arnold, deceased, brought suit against Defendants Miller d/b/a Miller Safety & First Aid Products, Haun Drop Forge Co., Ltd., Pensafe, Inc., and Elk River, Inc. for claims of strict liability and wrongful death arising from a defective safety harness which allegedly failed and caused Daniel Arnold to fall to his death. Plaintiff filed the lawsuit in the Circuit Court of Madison County, Illinois. On March 28, 2008, Defendant Elk River, Inc. removed the action to this Court (Doc. 3). This Court has subject matter over the action because the parties are diverse and the amount in controversy exceeds $75,000. **28 U.S.C. § 1332**.

Subsequently, Defendants Pensafe and Haun Drop Forge Co., Ltd., n/k/a/ Pensafe, Inc., ["Pensafe"] filed a motion to dismiss the Complaint and

Defendant Elk River's Counterclaim for lack of personal jurisdiction (Doc. 26). In response, both Plaintiff Arthur Arnold (Doc. 83) and Defendant Elk River filed a response to Pensafe's motion to dismiss (Doc. 85). Plaintiff Arnold and Defendant Elk River also filed motions to file an amended Complaint and amended Counterclaim to further plead personal jurisdiction (Docs. 89 & 84) which the Court granted (Docs. 102 & 101). On December 11, 2008, Plaintiff Arnold filed his Amended Complaint (Doc. 103) and on December 15, 2008, Defendant Elk River filed its Amended Counterclaim (Doc. 104). Defendant Pensafe filed a motion to allow its motion to dismiss to stand as its responsive pleading to Plaintiff's Complaint and Defendant Elk River's Counterclaim (Doc. 105) which the Court granted (Doc. 110).

## II. Background

According to Plaintiff's First Amended Complaint (Doc. 103), Daniel Arnold was employed as a tower erector for Tower Maintenance & Erection Co. of Illinois. On August 3, 2005, Daniel Arnold was climbing a tower in Butler County, Missouri near the intersection of Highway 158 and County Road 323. Daniel Arnold was wearing full fall protection but the gatekeeper on his lanyard snap hook failed and he fell to his death.

This suit is brought by Arthur Arnold, special administrator of the estate of Daniel Arnold. Plaintiff brings this five count complaint pursuant to the **Illinois Wrongful Death Act, 740 ILCS 180 et. seq.**, alleging that the lanyard and snap hook was in a defective and unreasonably dangerous condition in that it was

defectively designed and manufactured, and did not have adequate instructions as to its use.  Plaintiff alleges that, as a result of the defective lanyard and snap hook, Daniel Arnold fell because the gate keeper of the lanyard snap hook remained open while he used the lanyard to assist in his climb.  In Count II, Plaintiff alleges that when Defendants Haun Drop Forge and/or Pensafe manufactured, designed, or sold the lanyard snap hook, it was in a defective condition.

Defendant Elk River has filed a Counterclaim against Defendant Pensafe seeking contribution and indemnification (Doc. 104).  Defendant Elk River alleges that any alleged defects in the lanyard snap hook were caused by the acts or omissions of Defendant Haun and Pensafe in that they manufactured, designed, tested, and/or sold the snap hook.

### III.  Discussion

Defendant Pensafe seeks a dismissal of Plaintiff's suit and Defendant Elk-River's Crossclaim upon the basis that this Court lacks personal jurisdiction over Defendant Pensafe.  Once a defendant moves to dismiss pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**, a plaintiff has the burden of establishing the existence of personal jurisdiction over an out-of-state defendant. ***Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (internal citations omitted)**.  A plaintiff must provide sufficient evidence to establish at least a *prima facie* case of personal jurisdiction. ***Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987); *see also Michael J. Newman & Assoc., Ltd. v.***

***Florabelle Flowers, Inc.*, 15 F.3d 721, 724-25 (7th Cir. 1994)**.

A federal court sitting in diversity must rely on the law of personal jurisdiction that governs the courts of general jurisdiction in the state where the court is sitting. ***Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).** Because this Court sits in Illinois and further, because this action is a diversity case, the Court will have personal jurisdiction over non-resident defendants only if an Illinois court would have personal jurisdiction. ***FMC Corp. v. Varonos*, 892 F.2d 1308, 1310 (7th Cir. 1990) (citing FED. R. CIV. P. 4(e)).** Therefore, Plaintiff must demonstrate that personal jurisdiction over Defendant Pensafe complies with (1) the Illinois long-arm statute, (2) Illinois constitutional law, and (3) federal constitutional law. ***RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997).** Moreover, because the Illinois long-arm statute "'permits its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitutions,'" the analysis then becomes a two-prong examination: (1) determining whether the applicable state long-arm statute is satisfied and (2) whether exercise of jurisdiction is consistent with the constitutional requirements of due process. ***Hyatt Int'l Corp.*, 302 F.3d at 714 (quoting *Central States, Southeast and Southwest Areas Penson Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000));** *see also FMC Corp.*, 892 F.2d at 1311 n.5.

The Illinois long-arm statute, **735 ILL. COMP. STAT. 5/2-209**, lists the statutory grounds for which personal jurisdiction over a defendant may be exercised

by an Illinois court. Personal jurisdiction can be either "general," as stated in **735 ILL. COMP. STAT. 5/2-209(b)**, "specific," as enumerated under **735 ILL. COMP. STAT. 5/2-209(a)**, or for "any other basis...permitted by the Illinois Constitution and the Constitution of the United States," as stated in **735 ILL. COMP. STAT. 5/2-209(c)**. General jurisdiction over an out of state defendant is not dependent upon whether the underlying issues in plaintiff's suit arose out of or related to defendant's contacts with the forum state." ***RAR, Inc.*, 107 F.3d at 1277.** Instead, an out of state defendant is subject to general jurisdiction of the forum state when the defendant has "continuous and systematic general business contacts" with the forum state. ***Id.* (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 1873 (1984)).** On the other hand, an out of state defendant may be subject to specific jurisdiction of the forum state when the issues in plaintiff's suit arise out of or relate to the defendant's minimum contacts with the forum. ***Id.* (citing *Helicopoteros*, 466 U.S. at 414 n.8, 104 S. Ct. at 1872 n.8).** These minimum contacts, if "purposely availed" by defendant towards the forum state, should give the out of state defendant "fair warning" that its activities may warrant imposition of the forum state court's jurisdiction, such that the out of state defendant could "reasonably anticipate being haled into court" there. ***Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-76, 105 S. Ct. 2174 (1985)**.

A. **General Jurisdiction**

    Pensafe contends that this Court cannot exercise general jurisdiction

over them, pursuant to **735 ILL. COMP. STAT. 5/2-209(b)**, as they are not citizens of Illinois nor do they conduct business here.[1] However, Plaintiff and Defendant Elk River argue that Pensafe regularly and systematically does business in Illinois as it sends agents into Illinois to conduct business, has active customers in Illinois, attends trade shows and American National Standards Institute meetings in Illinois, and solicits business in Illinois through catalogs and its website.

In order for general jurisdiction to be found, the defendant must have "continuous and systematic" contacts with the forum. *Hyatt Int'l*, **302 F.3d at 713.** *See also Helicopteros*, **466 U.S. at 416, 104 S.Ct. at 1873.** The defendant must be "present and doing business" in Illinois. *Riemer v. KSL Recreation Corp.*, **348 Ill. App. 3d 26, 34, 807 N.E.2d 1004, 1012 (1st Dist. 2004) (citing** *Braband v. Beech Aircraft Corp.*, **72 Ill. 2d 548, 554-55, 382 N.E.2d 252, 255 (1978))**. The course of business must be regular and with a fair amount of permanence "as opposed to isolated or sporadic activity." *Id.* **at 35, 807 N.E.2d at 1012 (citing** *Alderson v. Southern Co.*, **321 Ill. App. 3d 832, 849, 747 N.E.2d 926, 940 (1st Dist. 2001);** *See also Michael J. Neuman & Associates, Ltd.*, **15 F.3d at 724 ("A corporation is doing business if it operates within the state, not occasionally or casually, but with a fair measure of permanence and continuity." (internal citations omitted))**. The standard for "doing business" is a high standard. *Riemer*,

---

[1] Pensafe first argued that Plaintiff had failed to allege the residency of any of the Defendants and therefore his Complaint should be dismissed for failure to allege any facts upon which jurisdiction could be based. However, Plaintiff subsequently filed an Amended Complaint in which he alleged that Defendants Haun and/or Pensafe were foreign corporations doing business in Illinois (Doc. 103, p. 2).

**348 Ill. App. 3d at 34, 807 N.E.2d at 1012.** However, once a defendant is found to have continuous and systematic contacts with the state, the court "may exercise personal jurisdiction over the defendant even in cases that do not arise out of and are not related to the defendant's forum contacts." ***Hyatt Int'l*, 302 F.3d at 713.**

Defendant Pensafe argues that it is not doing substantial or extensive business in Illinois to support a finding of general jurisdiction. Defendant argues that it is not domiciled in Illinois and has never had a plant, office, or facility in Illinois (Doc. 28, Ex. C).[2] Further it argues that it has never had any employees, agents, salesmen, personnel or representatives in Illinois and does not solicit business or advertise in Illinois (*Id.*). It has also never executed contracts in Illinois, nor has it engaged in the design and manufacture of snap hooks in Illinois (*Id.*).

On the other hand, Plaintiff and Defendant Elk River[3] claims that Defendant Pensafe is regularly and systematically doing business in Illinois. In support of their argument, Plaintiff and Defendant Elk River point to the fact that Pensafe has active customers in Illinois. Pensafe sells products to four customers and receives purchase orders from one of its customers, Sellstrom, on a yearly basis (Doc. 85, Ex. 3 at 77:2-10, 76:20-77:1). John Leavitt, president of Pensafe, testified that it regularly sold products to Sellstrom between 2001 and 2005 (*Id.*, Ex. 3 at 30:21-31:1). Defendant Elk River also points to Pensafe's sales figures in Illinois

---

[2] The Court notes that Defendant Pensafe filed two memorandums in support of its motion to dismiss (*See* Docs. 28 & 32). However, both documents appear to be identical.

[3] Plaintiff's response adopts fully Defendant Elk River's memorandum in opposition to Pensafe's motion to dismiss (*See* Doc. 83).

over a number of years for support of its contention that Pensafe does business in Illinois. Elk River points to sales figures in Illinois from the years 2002 to 2007. (*See* Doc. 85 p. 8; Ex. 1 at 21:19-21, 22:21-24:1, Ex. 8).

Plaintiff and Elk River also claim that Defendant Pensafe solicits business in Illinois. Kevin Smith, an employee of Pensafe,[4] has made off-site visits to both Klein Tools and Sellstrom Manufacturing, both of whom operate in Illinois. Pensafe also attends American National Standards Institute (ANSI) and American Society of Safety Engineers (ASSE) meetings held in Illinois and has attended trade shows held in Illinois. Furthermore, Plaintiff and Elk River point to the fact that Defendant Pensafe sends catalogs to customers, including Klein Tools in Illinois, and operates a website where customers can download and print a catalog as well as email salespersons and place orders (*Id.*, Ex. 1 at 75:13-17, 52:5-13, 55:5-7, 55:19-22 & 56:1-6).

Here, Plaintiff and Defendant Elk River have met their burden of demonstrating that the Court has general jurisdiction. While Defendant Pensafe's presence at trade shows is not enough to demonstrate that Pensafe is doing continuous and systematic business in Illinois, Pensafe sells products directly to Illinois businesses. **See *Reimer*, 348 Ill. App. 3d at 35-36, 807 N.E.2d at 1012-13 (ads, trade shows, and solicitation by employee is not enough to show that**

---

[4] In Smith's deposition he testified that while he does not currently hold a specific title at Pensafe, he had previously held several positions including controller, vice president of finance, general manager, and CEO. He is currently involved with customer visits and some product development (Doc. 85, Ex. 1 at 7:19- 8:5).

a defendant is doing business in Illinois); *Rosier v. Cascade Mountain, Inc.*, 367 Ill. App. 3d 559, 564, 855 N.E.2d 243, 249 (1st Dist. 2006) (soliciting business through a booth at a trade show is not enough to obtain personal jurisdiction); *Alderson v. Southern Co.*, 321 Ill. App. 3d 832, 747 N.E.2d 926 (1st Dist. 2001) (transient activity, including attendance at trade show, is not a basis for personal jurisdiction). *See also Milligan v. Soo Line Railroad Company*, 775 F. Supp. 277, 279-80 (N.D. Ill. 1991) (BUA, J.) (Defendant sold products directly to Illinois residents); *Michael J. Neuman & Assoc.*, 15 F.3d at 725 (sale representative consistently contacted and made sales in Illinois). Pensafe sales directly to at least four active customers in Illinois and Smith has made visits to its customers in Illinois. Further, Pensafe has solicited its Illinois customers through catalogs that were sent to Klein Tools in Illinois (Doc. 85, Ex. 1 at 10:19-11:18, 75:13-17).

While Pensafe admits that it has sold products to Illinois customers, Pensafe argues that its sales were a nominal percentage of its total yearly sales; Pensafe describes its sales to Illinois customers as sporadic and *de minimus*. Pensafe further tries to argue that it had no more than four customers in Illinois during the relevant time period. However, a small percentage of sales is not determinative. *Milligan*, 775 F. Supp. at 280 ("Jurisdiction need not be refused merely because the comparative percentage of [Defendant's] Illinois based revenue is small when put in the context of its national sales figures."). *See*

*also Haubner v. Abercrombie & Kent International, Inc.*, 351 Ill. App. 3d 112, 119, 812 N.E.2d 704, 711 (1st Dist. 2004) ("The relative small percentage of trips made to Illinois is not determinative; it is whether business in Illinois was fairly regular… That less than 2% of shipments were for Illinois customers… was not sufficient to overcome the *prima facie* case of jurisdiction" (quoting *Gaidar v. Tippecanoe Distribution Service, Inc.*, 299 Ill. App. 3d 1034, 1043-44, 702 N.E.2d 316, 321-22 (1st Dist. 1998))). Rather, the Court looks at whether the business conducted in Illinois was regular and not random, fortuitous, or attenuated. *Haubner,* 351 Ill. App. 3d at 120, 812 N.E.2d at 712. Here, Pensafe is clearly doing business in Illinois. John Leavitt testified that Pensafe sold products to Sellstrom in Illinois from 2001 to 2005. From 2001 to 2007, Pensafe consistently sold products to customers in Illinois. (Doc. 85, Ex. 1 at 21:19-21, 22:21-24:1, Ex. 8, Ex. 3 at 30:21- 31:1) (Sales in Illinois were $106,401 in 2002, $161,163 in 2003, $106,922 in 2004, $99,827 in 2005, $81,426 in 2006, and $104,610 in 2007). While Pensafe argues that it did not sell the snaphook at issue in 2000, the year the snaphook involved in Daniel's Arnold's accident was manufactured, jurisdiction is not based on a specific point in time but rather must be based on a continuing relationship with Illinois although the critical focus point is when the defendant is made a party to the suit. *See Remier*, 348 Ill. App. 3d at 35-36, 807 N.E.2d at 1012-13 (citing *Reeves v. Baltimore & Ohio R.R. Co.*, 171 Ill. App. 3d 1021, 1027, 256 N.E.2d 404, 407 (1st Dist. 1988)). As Plaintiff and Elk River point out,

Pensafe has continuously done business in Illinois with no indication of discontinuing its sales to Illinois. Pensafe has consistent sales figures in Illinois from 2001 to 2007.

In addition, Pensafe director Keith Smith has made trips to Klein Tools and Sellstrom Manufacturing. ***See Milligan*, 775 F. Supp. at 281 (Defendant sent marketing, sales, and service representatives into Illinois to promote sales and handle problems that arose with the products)**. While Pensafe argues that it has never solicited business or had employees, agents, or representatives in Illinois, deposition testimony revealed that Kevin Smith had visited Illinois companies to follow up on potential clients and potential opportunities, although he tried to argue that these should not be viewed as a visit in a traditional salesman capacity (Doc. 85, Ex. 1 at 57:3-17). Smith further stated that visits were made to Sellstrom to follow up on dead stock that was in Sellstrom's possession (*Id*. at 59:12-60:10). Here it is clear that Pensafe is "doing business" in Illinois through its sales and solicitation of business in Illinois.

Further, Pensafe operates an active website which allows visitors to order products online. The type of internet activity required to obtain jurisdiction in Illinois, is still an emerging area of jurisprudence. ***Bombliss v. Cornelsen*, 355 Ill. App. 3d 1107, 1114, 824 N.E.2d 1175, 1180 (3rd Dist. 2005) (citing Jennings v. AC Hydraulic A/S, 383 F.3d 546 (7th Cir. 2004).** *See also Richter v. Instar Enterprises International*, 594 F.Supp.2d 1000, 1007 (N.D.Ill. 2009)

**(Kapala, J.).** Courts in Illinois and this Circuit have used a sliding scale approach. *Id. See also Zippo Manufacturing Co. v. Zippo Dot Com, Inc.,* **952 F.Supp. 1119, 1124 (W.D.Pa. 1997)**. At one end of the spectrum jurisdiction attaches where a defendant conducts business through an interactive site where users can place orders and the defendant obtains a profit, while jurisdiction is not conveyed by a passive site that simply provides information on products. *Id.* A third interactive site which allows users to communicate may convey jurisdiction based on the level of interactivity. *Id. (citing Berthold Types Ltd. v. European Mikrograf Corp.,* **102 F. Supp. 2d 928, 932-33 (N.D. Ill. 2000) (Holderman, J.)).** While in most cases interactive websites confer specific jurisdiction, in those cases where an active website confers general jurisdiction the court also found additional contacts with Illinois. *Richter,* **594 F.Supp.2d at 1008 (citing *Publications Intern., Ltd. v. Burke/Triolo, Inc.*, 121 F.Supp.2d 1178, 1183 (N.D. Ill. 2000) (Bucklo, J.) (Finding that a website that allowed users to order catalogs directly from the site and offered advertisement was sufficient support of general jurisdiction when combined with the fact that the defendant had sales representatives present in Illinois)**. Here, Plaintiff and Defendant Elk River point out that not only can users order catalogs from Pensafe's website, but users can also order directly from Pensafe using the steps provided on the website. (Doc. 85, Ex. 2 at 149-151; Ex. 5). The website allows the user to submit purchase orders and quote request online by email. (*Id.*, Ex. 2 at 150). This highly interactive website combined with Pensafe's

other contacts with Illinois demonstrate that Pensafe's contacts with Illinois are systematic and continuous. Therefore, Plaintiff has met his burden of demonstrating that Pensafe was doing sufficient business in Illinois to subject it to the Court's jurisdiction.

**B.     Due Process Requirements**

Although the Court has determined that jurisdiction is proper under the doing business doctrine, the Court must also find that due process requirements have been met. The Court must determine that finding personal jurisdiction exists over Defendant comports with "'traditional notions of fair play and substantial justice.'" ***World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S. Ct. 559, 62 L.Ed. 2d 490 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 210, 216, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).** These "fairness considerations" include: the burden on the defendant, the forum State's interests in adjudicating the dispute, the plaintiff's interest in obtaining relief, and the interstate judiical system's interests in obtaining the most efficient resolution, and the several Stats' interests in furthering fundamental substantive social policies. ***Id.*; see also *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992).** Considering these factors, the Court finds Defendant's burden would not be unduly. Pensafe is a large Canadian Corporation and can easily defend itself in Illinois given today's ease of communications and travel capabilities. Plaintiff and Elk River even point out that Pensafe has defended a case in Illinois in the past. (Doc. 85, Ex. 1 at 88:5-

89:8). Further, because Daniel Arnold was an Illinois resident at the time of his death, this state has a significant interest in litigating the alleged wrongful death of one of its residents. Plaintiff also has significant interest in obtaining relief evidenced most plainly by filing this action. Additionally, the interestate judicial system's interests are furthered by resolution of this case in Illinois, given that the decedent was a resident of Illinois. Witnesses and evidence should also be easily accessible given today's ease of communications and electronic transmission of documents. The Court, therefore, finds that Defendant Pensafe and Haun Drop Forge are subject to personal jurisdiction in this forum for Plaintiff's claims as alleged in his Complaint and Defendant's Elk River's Cross-Claim.

## IV. Conclusion

Defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction (Doc. 26) is **DENIED**, the Court finding Defendants subject to personal jurisdiction based upon the fact that Defendants were doing business in Illinois, giving rise to general jurisdiction under **735 ILL. COMP. STAT. 5/2-209(b)**.

**IT IS SO ORDERED.**

Signed this 9th day of July, 2009.

/s/  *David R Herndon*
**Chief Judge**
**United States District Court**