# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ARTHUR ARNOLD, Special Administrator**
**of the Estate of Daniel Arnold, Deceased,**

**Plaintiff,**

**v.**

**MILLER, d/b/a MILLER SAFETY & FIRST**
**AID PRODUCTS, HAUN DROP**
**FORGE Co., LTD., PENSAFE, INC., and**
**ELK RIVER, INC.,**

**Defendant.**                                    No. 08-234-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is a motion for summary judgment (Doc. 112) filed by Defendant Miller Holdings LP, d/b/a Miller Safety & First Aid Products, improperly named as Miller, d/b/a Miller Safety & First Aid Products. Plaintiff Arthur Arnold has not filed a response. Therefore, the Court considers Plaintiff's failure to respond an admission of the merits of Defendant's motion.[1] **LOCAL RULE 7.1(g)**.

### II. Factual Background

On or about August 3, 2005 Daniel Arnold of Alton, Illinois was climbing a tower being erected by his employer, Tower Maintenance & Erection Co. of Illinois ("Tower Maintenance") as part of his job as a tower erector for Tower Maintenance.

---

[1] **LOCAL RULE 7.1(g)** provides that: "Failure to file a timely response to a motion may, in the court's discretion, be considered an admission of the merits of the motion." **LOCAL RULE 7.1(g).**

Daniel Arnold was wearing full fall protection, but the gate keeper on his lanyard snap hook allegedly failed causing him to fall and perish.

On July 31, 2007, Plaintiff Arthur Arnold, as Special Administrator of the Estate of Daniel Arnold, deceased, brought suit against Defendants Miller d/b/a Miller Safety & First Aid Products, Haun Drop Forge Co., Ltd., Pensafe, Inc., and Elk River, Inc., for claims of strict liability and wrongful death arising from a defective safety harness which allegedly failed and caused Daniel Arnold to fall to his death. Plaintiff initially filed the lawsuit in the Circuit Court of Madison County, Illinois, but on March 28, 2008, Defendant Elk River, Inc. removed the action to this Court (Doc. 3). On December 11, 2008, Plaintiff filed his First Amended Complaint (Doc. 103) alleging that Miller d/b/a Miller Safety and First Aid Products assembled and sold the safety harness, lanyard, and snap hook that allegedly caused Daniel Arnold's fall (Doc. 103 ¶ 4). Specifically, Plaintiff alleges that when the products left Miller Holdings' control, they were defective and in an unreasonably dangerous condition in that they were defectively designed and manufactured, and they did not have adequate instructions as to their use (*Id*. at Count IV).

On January 22, 2009, Defendant Miller Holdings LP, d/b/a Miller Safety & First Aid Products, improperly named as Miller, d/b/a Miller Safety & First Aid Products [hereinafter "Miller Holdings"] filed a motion for summary judgment claiming that it did not owe nor breach any duty to Daniel Arnold or produce, manufacture, assemble, supply, sell or have any other involvement with the equipment that allegedly caused Daniel Arnold's accident (Doc. 112). Defendant

Miller Holdings states that it has often been confused with Miller Fall Protections and that "Miller" was stamped on some of the equipment that Daniel Arnold was wearing at the time of his fall, although none of the equipment with the stamp "Miller" was listed by Plaintiff as the alleged cause of the accident. Further, Miller Holdings states that it does not manufacture products and is simply a distributor of products, including products manufactured by Miller Fall Protection. However, Miller Holdings records do not show that any products distributed by Miller Holdings was sold to any companies listed in Plaintiff's Complaint. As of this date, Plaintiff has not filed a response to Defendant Miller Holdings' motion. Due to Plaintiff's failure to respond, the Court considers such failure and admission of the merits of Defendant Miller Holdings' motion. **LOCAL RULE 7.1(g)**.

### III. Discussion

**A.    Summary Judgment Standard**

Summary judgment is appropriate under the **FEDERAL RULES OF CIVIL PROCEDURE** when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986).** The movant bears the burden of establishing the absence of factual issues and entitlement to judgment as a matter of law. *Wollin v. Gondert*, **192 F.3d 616, 621-22 (7th Cir. 1999).** The Court must consider the entire record, drawing

reasonable inferences and resolving factual disputes in favor of the non-movant. ***Schneiker v. Fortis Inc. Co.*, 200 F.3d 1055, 1057 (7th Cir. 2000); *Baron v. City of Highland Park*, 195 F.3d 333, 337-38 (7th Cir. 1999).** In response to a motion for summary judgment, the non-movant may not simply rest on the allegations as stated in the pleadings. Rather, the non-movant must show through specific evidence that an issue of fact remains on matters for which the non-movant bears the burden of proof at trial. ***Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd*, **51 F.3d 276 (citing *Celotex*, 477 U.S. at 324).**

No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted);** *accord* ***Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994).** However, when all the Court has before it are the diametrically opposed statements of the parties on the critical and ultimate issues of fact, the Court, not in a position to make credibility findings, must pass the case to the next phase of litigation.

**B.     Analysis**

In this case, Plaintiff has failed to timely respond to Defendant's motion for summary judgment. In fact, Plaintiff has failed to file any response. The Court finds that this failure of the Plaintiff to respond to the pending motion for summary

judgment, despite being given the appropriate notice, is an admission of the merits of the motion pursuant to **LOCAL RULE 7.1(c)**.

In Count IV of Plaintiff's First Amended Complaint, Plaintiff alleges that at the time the lanyard and snap hook involved in Daniel Arnold's accident left Defendant Miller Holdings' control, it was in a defective and unreasonably dangerous condition in that: a) it was defectively designed; b) it was defectively manufactured; and c) it did not have adequate instructions as to its use when the defendant knew, or should have known, that such was a hazard to users (Doc. 103).

To prevail on a claim for negligence, a plaintiff must prove the existence of "a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by the breach." ***Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill.2d 414, 421, 804 N.E.2d 519, 526 (2004) (citing *Chandler v. Illinois Cent. R. Co.*, 207 Ill.2d 331, 340, 798 N.E.2d 724, 728 (2003))**. Further, to prevail on a claim of strict product liability, a plaintiff must prove that "the injury resulted from a condition of the product, that the condition was an unreasonably dangerous one, and that the condition existed at the time the product left the manufacturer's control." ***Sollami v. Eaton*, 201 Ill.2d 1, 7, 772 N.E.2d 215, 219 (2002) (citing *Haudrich v. Howmedica, Inc.*, 169 Ill.2d 525, 540, 662 N.E.2d 1248, 1255 (1996))**.

In this case, Defendant alleges, and Plaintiff has failed to dispute, that Defendant Miller Holdings did not owe or breach any duty to Daniel Arnold nor did

Miller Holdings produce, manufacture, assemble, supply, or sell the equipment which allegedly caused Daniel Arnold's accident. John Matarazzo, president of Miller Holdings, reviewed Miller Holdings' records for any sales of products to companies mentioned in Plaintiff's complaint, but he found no record of any sales (Doc. 59, Ex. 1-A ¶6). Further, Miller Holdings points out that it does not manufacture products, but is simply a distributor of products and is often confused with Miller Fall Protection, a large seller of fall protection equipment (*Id*. at ¶3). Plaintiff has failed to dispute that Miller Holdings was not involved in the manufacturing, distribution, or sale of any of the equipment allegedly involved in Arnold's accident. The record also shows that Miller Holdings did not breach a duty to Daniel Arnold nor was it involved in any way with the equipment Plaintiff alleges caused Arnold's accident. Defendant Miller Holdings is therefore entitled to summary judgment on Plaintiff's claims against Defendant Miller Holdings.

## IV. Conclusion

Accordingly, the Court **GRANTS** Defendant Miller Holdings' motion for summary judgment (Doc. 112). All claims against Defendant Miller Holding are dismissed with prejudice. At the close of the case, the clerk to enter judgment accordingly.

**IT IS SO ORDERED.** Signed this 2nd day of September, 2009.

/s/ David R Herndon
**Chief Judge**
**United States District Court**